# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------------X
GIULIA KASOLLARI,

                                Plaintiff,

      -against-

AMAZON.COM SALES, INC.. a/k/a AMAZON.COM
a/ka/a AMAZON and XIAOMI USA

                            Defendants.
-----------------------------------------------------------------------------X

**INDEX NO.:  701602/2024**

**STATEMENT OF
SERVICE BY MAIL**

TO:  AMAZON.COM SALES, INC.. a/k/a AMAZON.COM a/ka/a AMAZON,

      1.    The enclosed Summons and Complaint is served pursuant to Section 312-a of the Civil Practice Law and Rules.

      2.    To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the entire completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

      3.    If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the Summons and Complaint in any other manner permitted by law, and the cost of such service as permitted by law may be entered as a judgment against you.

      4.    If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

      5.    If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

      6.    It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

1

Dated:  Rockville Centre, New York
        January 22, 2024

                                        By:_____
                                            Law Offices of JOHN E. GRAY
                                            Attorney for Plaintiff
                                            100 North Park Avenue
                                            Rockville Centre, New York    11570
                                            (516) 766-3200

TO:     AMAZON
        410 Terry Ave. N.
        Seattle WA  98109

        XIAOMI USA
        5414 Oberlin Drive, Suite 230
        San Diego, CA  92121

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
GIULIA KASOLLARI,

                         Plaintiff,

         -against-

AMAZON.COM SERVICES, INC. a/k/a AMAZON.COM
a/ka/a AMAZON and XIAOMI USA, INC.

                     Defendants.
------------------------------------------------------------------------X

INDEX NO.: 701602/2024

**ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

I received a Summons and Complaint, in the above-captioned matter at 410 Terry Avenue N, Seattle, WA 98109.

**PLEASE CHECK ONE OF THE FOLLOWING:**

IF 2 IS CHECKED, COMPLETE AS INDICATED:

1.     [ ] I am not in military service.

2.     [ ] I am in military service, and my rank, serial number and branch of service are as follows:

        Rank:            _____

        Serial Number:    _____

        Branch of Service:  _____

**TO BE COMPLETED REGARDLESS OF MILITARY STATUS**

        Date: _____
               (Date this Acknowledgment is executed)
               I affirm the above as true under penalty of perjury.

_____
Signature

_____
Print Name

_____
Name of Defendant for which acting

_____
Position with Defendant for which acting
(i.e., officer, attorney, etc.)


**PLEASE COMPLETE ALL BLANKS INCLUDING DATES AND MAIL TO JOHN E. GRAY, ESQ., 100 NORTH PARK AVENUE, ROCKVILLE CENTRE, NY 11570**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
GIULIA KASOLLARI,

                          Plaintiffs,                    Index   701602/2024


         - against -

AMAZON.COM SERVICES, INC. a/k/a AMAZON.COM
a/ka/a AMAZON and XIAOMI USA, INC.


                  Defendants

------------------------------------------------------------------------X

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING <u>SUPREME COURT CASES</u>

PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below.  Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Within ten days after service of this Notice, each party served should indicate whether or not it consents to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)


### General Information

Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week.  There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket.  Normal filing fees must be paid, but this can be done by credit or debit card on-line. For additional procedures and information, sec Uniform Rule 202.5-b,  any e-filing protocol that may have been promulgated by the court in question, and  the NYSCEF Website at www.nycourts.gov/efile.

## Instructions

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. **Within ten days after service of this Notice**, the party served should consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if the party or attorney of record is an authorized e-filing user, by filing the consent electronically in the manner provided at the NYSCEF site. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** complete a Filing User Registration form (see the "Forms" section of the Website) and submit it to the NYSCEF Resource Center (efile@courts.state.ny.us) in order to obtain the confidential Filing User Identification Number and Password necessary to use the system.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated:   January 22, 2024
         Rockville Centre, NY

Law Offices of John E. Gray
Attorney for Plaintiff
100 North Park Avenue
Rockville Centre, NY 11570
516-766-3200

FILED: QUEENS COUNTY CLERK 01/22/2024 03.45 PM

NYSCEF DOC. NO. 1    Case 1:24-cv-03573-NCM-JAM    Document 1-1    Filed 05/16/24    Page 8 of 17 PageID #: RECEIVED NYSCEF: 01/22/2024
17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

GIULIA KASOLLARI,

                              Plaintiff,                                    **SUMMONS**

                                                                Plaintiff designates Queens
                                                                County as the place of trial
                                                                The basis of the venue is
                                                                plaintiff's residency at
                                                                73-20 69th Ave., Queens NY
                                                                11379

-against-

AMAZON.COM SERVICES, INC. a/k/a AMAZON.COM
a/ka/a AMAZON and XIAOMI USA, INC.

                              Defendants.

_____

To the above named Defendants

        ***YOU ARE HEREBY SUMMONED*** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within THIRTY (30) days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated: Rockville Centre, New York
        January 22, 2024

                                                        Law Offices of JOHN E. GRAY
                                                        Attorney for Plaintiff
                                                        100 North Park Avenue
                                                        Rockville Centre, NY 11570
                                                        516-766-3200

To:     AMAZON
        410 Terry Ave. N.
        Seattle WA 98109

        XIAOMI USA
        5414 Oberlin Drive, Suite 230
        San Diego, CA 92121

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X
GIULIA KASOLLARI,

                              Plaintiffs,

    - against -                               **VERIFIED COMPLAINT**


AMAZON.COM SERVICES, INC. a/k/a AMAZON.COM
 a/ka/a AMAZON and XIAOMI USA, INC.

                              Defendants.
--------------------------------------------------------------------X


The plaintiff GIULIA KASOLLARI, by her attorney, Law Offices of JOHN E. GRAY, as and for his Verified Complaint, respectfully set forth and allege as follows:


## AS AND FOR A FIRST CAUSE OF ACTION BASED UPON NEGLIGENCE


1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the State of New York, County of Queens.

2. At all times herein mentioned, the defendant AMAZON.COM SERVICES, INC. A/K/A AMAZON.COM A/K/A AMAZON (hereinafter sometimes referred to as "AMAZON") was and is a foreign and/or domestic business corporation duly authorized and licensed to conduct business in the State of New York and was and is doing business in the State of New York.

Case 1:24-cv-03573-NCM-JAM    Document 1-1    Filed 05/16/24    Page 10 of 17 PageID #: 19

3. At all times herein mentioned, the defendant XIAOMI USA, INC. (hereinafter sometimes referred to as "XIAOMI ") was and is a foreign and/or domestic business corporation duly authorized and licensed to conduct business in the State of New York and was and is doing business in the State of New York.

4. At all times herein mentioned, AMAZON.COM SERVICES, INC. A/K/A AMAZON.COM A/K/A AMAZON held itself out to the public as a foreign and/or domestic business corporation duly authorized and licensed by the State of New York to conduct business in this State and was and is still conducting business in the State of New York.

5. At all times herein mentioned, XIAOMI USA, INC. held itself out to the public as a foreign and/or domestic business corporation duly authorized and licensed by the State of New York to conduct business in this State and was and is still conducting business in the State of New York.

6. AMAZON.COM SERVICES, INC. A/K/A AMAZON.COM A/K/A AMAZON markets, distributes, and sells a product it calls Xiaomi Mi Electric Scooter.

7. XIAOMI USA, INC. markets, distributes, and sells a product it calls Xiaomi Mi Electric Scooter.

8. Defendants are subject to the jurisdiction of the Courts of the State of New York because they transact business within the state or contracts anywhere to supply goods or services in the state; and/or has committed a tortious act within the state; and/or has committed a tortious act without the state causing injury to person or property within the state and (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial

2

revenue from goods used or consumed or services rendered, in the state, and/ or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; and/ or owns, uses or possesses any real property situated within the state.

9. Plaintiff purchased an Xiaomi Mi Electric Scooter from AMAZON

10. On January 21, 2021, the plaintiff while using the Xiaomi Mi Electric Scooter in the normal course of use was caused to fall as a result of the failure of the scooter, causing severe and permanent personal injuries.

11. The afore described accident was caused by defects in the design and/or manufacture and/or repair of the Xiaomi Mi Electric Scooter.

12. That at all times herein mentioned, the Xiaomi Mi Electric Scooter was, upon information and belief, designed by the defendants.

13. That at all times herein mentioned, the Xiaomi Mi Electric Scooter was, upon information and belief, manufactured by the defendants.

14. That at all times herein mentioned, the Xiaomi Mi Electric Scooter was, upon information and belief, distributed by the defendants.

15. That at all times herein mentioned, the Xiaomi Mi Electric Scooter was, upon information and belief, sold by the defendants.

16. That at all times herein mentioned, the Xiaomi Mi Electric Scooter was, upon information and belief, repaired by the defendants.

17. That the plaintiff's accident was caused solely as a result of defendants negligence in its

3

design, testing, inspection, marketing, manufacture, repair and/or sale of the Xiaomi Mi Electric Scooter.

18.     That as a result of the defendant's negligence, the plaintiff was caused to sustain severe personal injuries which are permanent in nature.

19.     That by reason of the foregoing, this plaintiff, GIULIA KASOLLARI is informed and verily believes her aforesaid injuries are permanent and that she will permanently suffer from the effects of her aforesaid injuries and that she will be caused to suffer permanent and continuous pain and inconvenience.

20.     That by reason of the foregoing, this plaintiff, GIULIA KASOLLARI was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, GIULIA KASOLLARI, will necessarily incur similar expenses.

21.     That this lawsuit falls within one of the exceptions enumerated in Article 16 of the CPLR.

22.     That by reason of the foregoing, plaintiff, GIULIA KASOLLARI has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF
### THE PLAINTIFF BASED UPON STRICT PRODUCTS LIABILITY

23.     The plaintiff repeats reiterates and realleges each and every allegation contained in

4

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/22/2024

paragraphs numbered "FIRST" through "TWENTY-SECOND" of the First Cause of Action with the same force and effect as though more fully set forth herein at length.

24. At all times herein mentioned, and at the time of the design, manufacture, distribution and/or sale of the Xiaomi Mi Electric Scooter, the Xiaomi Mi Electric Scooter was defective and not reasonably safe and fit for the purposes intended nor for reasonably foreseeable purposes, uses or operations; was defectively designed; was defectively manufactured; failed to be accompanied by proper and sufficient instructions, directions and/or warnings concerning the use, operation, maintenance of the Product, and the dangers and hazards attendant thereto; one or more of which were a substantial factor or a proximate cause of the aforesaid accident and injuries to the plaintiff.

25. At all times herein mentioned, the plaintiff was using the Xiaomi Mi Electric Scooter for the purpose and in the manner normally intended or for reasonably foreseeable purposes, uses and operations and could not, by the exercise of reasonable care, have averted the accident and her injuries.

26. The defendant is liable to the plaintiff under the doctrine of "Strict Products Liability".

## AS AND FOR A THIRD CAUSE OF ACTION

## BASED UPON BREACH OF EXPRESS WARRANTY

27. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "FIRST" through "TWENTY-SIXTH" with the same force and effect as it fully set forth herein at length.

28. At all times herein mentioned, the defendant AMAZON.COM SERVICES, INC.

5

A/K/A AMAZON.COM A/K/A AMAZON provided express and implied warranties to plaintiff that the Xiaomi Mi Electric Scooter was safe and in good working order.

29.    The plaintiff relied upon said warranties.

30.    At all times herein mentioned, the defendant breached the aforesaid warranty in that the Xiaomi Mi Electric Scooter was defective in that it was not safe for it's intended use and was defective.

31.    That said breach of warranty by the defendants was a substantial factor or proximate cause of injury to the plaintiff as previously described.

### AS AND FOR A FOURTH CAUSE OF ACTION BASED UPON

### BREACH OF IMPLIED WARRANTY FOR A PARTICULAR PURPOSE.

32.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "FIRST" through "THIRTY-FIRST" with the same force and effect as it fully set forth herein at length.

33.    At all times herein mentioned, AMAZON.COM SERVICES, INC. A/K/A AMAZON.COM A/K/A AMAZON had reason to know of the particular purpose for which the Xiaomi Mi Electric Scooter was to be used.

34.    At all times herein mentioned, plaintiff relied upon defendants skill and judgement to furnish a safe and non-defective Scooter and/or knew or had reason to know that plaintiff was relying upon defendants skill and judgement to furnish a safe and non-defective Scooter.

35.    At all times herein mentioned, there was privity between defendants and plaintiff in the sale of the Xiaomi Mi Electric Scooter.

6

36.     At all times herein mentioned, plaintiff relied upon defendant's skill and judgement in recommending, selling and repairing and furnishing the Xiaomi Mi Electric Scooter.

37.     At all times herein mentioned, the defendant breached the aforesaid implied warranty of fitness for a particular purpose by recommending and furnishing Xiaomi Mi Electric Scooter that was defective.

38.     That said breach of the aforesaid implied warranty of fitness for a particular purpose by the defendant was a substantial factor or proximate cause of the injury to plaintiff as previously described.

### AS AND FOR A FIFTH CAUSE OF ACTION BASED UPON THE
### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY.

39.     Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "FIRST" through "THIRTY-EIGHTH" with the same force and effect as it fully set forth herein at length.

40.     At all times herein mentioned, the Xiaomi Mi Electric Scooter was defectively designed and/or manufactured.

41.     At all times herein mentioned, the defect in the Xiaomi Mi Electric Scooter existed when defendants delivered the Xiaomi Mi Electric Scooter to plaintiff.

42.     That at all times herein mentioned, the defect in the Xiaomi Mi Electric Scooter was the proximate cause of the injury to plaintiff.

WHEREFORE, plaintiff, GIULIA KASOLLARI demands judgment against the defendants, AMAZON.COM SERVICES, INC. A/K/A AMAZON.COM A/K/A AMAZON

7

INC. and XIAOMI USA, INC. in the sum of money which exceeds the jurisdictional limits of all

lower Courts which would otherwise have jurisdiction, together with costs and disbursements of

this action.

Dated:  Rockville Centre, New York
            January 22,2024

JOHN E. GRAY, ESQ.
Law Offices of JOHN E. GRAY
Attorney for Plaintiff
GIULIA KASOLLARI
100 North Park Ave.
Rockville Centre, New York 11570
(516) 766-3200

To:     AMAZON
        410 Terry Ave. N.
        Seattle WA  98109

        XIAOMI USA
        5414 Oberlin Drive, Suite 230
        San Diego, CA  92121

8

Case 1:24-cv-03573-NCM-JAM    Document 1-1    Filed 05/16/24    Page 17 of 17 PageID #: 26

STATE OF NEW YORK )
                           )
COUNTY OF NASSAU )

JOHN E. GRAY, being duly sworn, states that I am an attorney admitted to practice in the Courts of the State of New York, affirm the following under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, the truth of the following, and I understand that this document may be filed in an action or proceeding in a court of law:

I am the attorney for plaintiff in this action and that the foregoing VERIFIED COMPLAINT is true to my own knowledge, except as to matters therein stated on information and belief and as to those matters I believes it to be true; that the grounds of my belief as to all matters not stated upon my knowledge are papers, records and correspondence and interviews of plaintiff; and that the reason why this verification is not made by the plaintiff is that the plaintiff does not reside in the County where plaintiff's attorney maintains his office.

Dated: Rockville Centre, NY
       January 22, 2024

                                              _____
                                              John E. Gray

9